UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. BROOKS-ALBRECHTSEN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01854-JMS-TAB |
| | ) | |
| MITCHELL Officer, in his individual and | ) | |
| official capacity as a police officer for the | ) | |
| Indianapolis Metro. Police Dep't., Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER ON OBJECTION

This action stems from a forty-second traffic encounter between *pro se* Plaintiff Mark A.

Brooks-Albrechtsen and Indianapolis Metropolitan Police Department Officer Mitchell.  After that

encounter, Mr. Brooks-Albrechtsen sued Officer Mitchell in his individual capacity pursuant to 42

U.S.C. § 1983.  [Filing No. 2.]  Presently pending before the Court is Mr. Brooks-Albrechtsen's

Objection to the Magistrate Judge's Order denying his Motion for Sanctions.[1]  [Filing No. 55

(objecting to Filing No. 54).]   For the reasons that follow, the Court denies Mr. Brooks-

Albrechtsen's Objection.  [Filing No. 55.]

**I.**
**STANDARD OF REVIEW**

A district judge "may designate a magistrate judge to hear and determine any pretrial matter

pending before the court," with certain exceptions.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R.

---

[1]  The parties have also filed cross-motions for summary judgment and Mr. Brooks-Albrechtsen
has requested that a portion of Officer Mitchell's brief be stricken.  [Filing No. 13; Filing No. 28;
Filing No. 53.]  Those motions will be addressed in a separate entry in due course.

Civ. Pro. 72 (providing that a pretrial, non-dispositive matter may be referred to the assigned magistrate judge for decision).  Any timely objections to the magistrate judge's order will be considered, and the Court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. Pro. 72(a).  Under the clear error standard, the Court will not reverse the decision unless it is "left with the definite and firm conviction that a mistake has been committed."  Kanter v. C.I.R., 590 F.3d 410, 417 (7th Cir. 2009) (citation omitted).

## II.
### RELEVANT BACKGROUND

This action was initiated on November 19, 2015.[2]  [Filing No. 2.]  On February 2, 2016, Mr. Brooks-Albrechtsen moved for summary judgment in his favor.  [Filing No. 13.]  On February 8, 2016, Officer Mitchell moved for an extension of time until June 1, 2016 to file his response brief.  [Filing No. 17.]  As support for that request, Officer Mitchell stated that he "did not anticipate Plaintiff's summary judgment at this early point in the litigation before the parties had their initial pretrial conference, before a case management plan had been entered, and before any discovery had been conducted."  [Filing No. 17 at 2.]  Officer Mitchell requested some time to conduct discovery and obtain affidavits that he anticipated would be used in opposing Mr. Brooks-Albrechtsen's summary judgment request.  [Filing No. 17 at 2.]  Mr. Brooks-Albrechtsen filed an

---

[2] Mr. Brooks-Albrechtsen filed a separate complaint in May 2015, alleging that the defendants in that action had violated his constitutional rights "by failing to provide due process hearings to allow [him], and all other disqualified applicants who sought employment with the Indianapolis Metro. Police Dep't, the right to challenge their background investigation and appeal their disqualifications from employment as a patrol officer."  [Cause No. 1:15-cv-786-TWP-TAB, Dkt. 1 at 2.]  Mr. Brooks-Albrechtsen was granted leave in that action to amend his complaint, and the amended pleading asserted claims stemming from a traffic encounter that were "distinct from the claims surrounding the remaining defendants' roles in disqualifying the plaintiff from employment as a patrol officer."  [Filing No. 1.]  Thus, Mr. Brooks-Albrechtsen's first action was severed into two.  [Filing No. 1 at 2.]

2

objection in response to Officer Mitchell's extension request, contending that discovery was unnecessary. [Filing No. 18.]

On February 9, 2016, the Magistrate Judge entered a Case Management Plan and granted Officer Mitchell's extension request in part. [Filing No. 19 at 10.] Specifically, the Magistrate Judge granted Officer Mitchell until April 6, 2016 to file his summary judgment response, noting that while some discovery was likely needed in light of Mr. Brooks-Albrechtsen's early summary judgment motion, Officer Mitchell's proposed scope of discovery exceeded what was necessary to respond. [Filing No. 19 at 10.] The Magistrate Judge concluded that if Officer Mitchell "needs additional time to conduct discovery to file his own summary judgment motion, Defendant can file that motion at a later date." [Filing No. 19 at 10.]

The Magistrate Judge held a telephonic conference on March 24, 2016, and enlarged the deadline for Officer Mitchell to respond to the pending summary judgment motion until May 13, 2016. [Filing No. 21.] On May 9, 2016, Officer Mitchell filed a Second Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment, requesting until June 3, 2016 to file his response brief because although discovery had been exchanged, Officer Mitchell's counsel had multiple deadlines in other cases that had interfered with preparing the response brief. [Filing No. 25.] Officer Mitchell indicated that Mr. Brooks-Albrechtsen objected to the request, [Filing No. 25], but the Court granted the extension and ordered Officer Mitchell to file his response brief by June 3, 2016, [Filing No. 26.]

On June 3, 2016, Officer Mitchell responded to Mr. Brooks-Albrechtsen's Motion for Summary Judgment and filed a Cross-Motion for Summary Judgment on Mr. Brooks-Albrechtsen's claim. [Filing No. 28; Filing No. 29.]

On July 5, 2016, Mr. Brooks-Albrechtsen filed a Motion for Sanctions, asking for sanctions against defense counsel pursuant to 28 U.S.C. § 1927 "due to their unreasonable and vexatious filings that have multiplied the proceedings." [Filing No. 39 at 1.]  Specifically, Mr. Brooks-Albrechtsen contends although he moved for summary judgment "on a relatively simple case," Officer Mitchell's extension requests resulted in an unreasonable delay by making the "typical 14-day responsive window . . . a 121-day delay." [Filing No. 39 at 3.]  Mr. Brooks-Albrechtsen contends that the extension requests were unnecessary and unwarranted and that Officer Mitchell's subsequent objection to a requested extension by Mr. Brooks-Albrechtsen "has unduly delayed the course of action through the courts."[3] [Filing No. 39 at 4.]  Officer Mitchell opposed Mr. Brooks-Albrechtsen's sanctions request. [Filing No. 45.]

On August 4, 2016, the Magistrate Judge issued the following marginal entry on Mr. Brooks-Albrechtsen's Motion for Sanctions:  "Motion denied. The complained of conduct does not rise anywhere near sanctionable conduct under 28 U.S.C. § 1927.  Motions such as these waste the Court's time, and are more troublesome than the conduct of which Plaintiff complains." [Filing No. 54.]  On August 10, 2016, Mr. Brooks-Albrechtsen filed an Objection to the Magistrate Judge's ruling.  [Filing No. 55.]  Officer Mitchell did not file a response, and the Objection is now ripe for the Court's review.

### III.
### DISCUSSION

Mr. Brooks-Albrechtsen presents three reasons why he believes the Magistrate Judge's denial of his Motion for Sanctions should be reversed.  [Filing No. 55.]  Specifically, Mr. Brooks-

---

[3] Although Officer Mitchell objected to a subsequent request for an extension for Mr. Brooks-Albrechtsen to file an amended brief, [Filing No. 38 (objecting to Filing No. 36)], the Court granted Mr. Brooks-Albrechtsen's motion and deemed his Amended Brief timely filed, [Filing No. 41].

Albrechtsen argues that the Magistrate Judge's ruling was erroneous because the Motion for Sanctions was not referred to him, his entry denying it was not a written order, and the ruling was contrary to the Federal Rules of Civil Procedure.  [Filing No. 55.]  The Court will address these arguments in turn.

### A. Magistrate Judge's Authority

Mr. Brooks-Albrechtsen argues that the Magistrate Judge should not have ruled on the Motion for Sanctions because the District Judge did not publicly refer it to him on the docket. [Filing No. 55 at 4-5.]  He acknowledges that magistrate judges have the authority to rule on certain matters and does not dispute that a sanctions motion may be among them, but Mr. Brooks-Albrechtsen points out that "[i]n the instant case, there is no record of referral or designation to Magistrate Judge Baker by Judge Magnus-Stinson.  Currently, it appears as though the magistrate judge decided Plaintiff's motion *sua sponte*."  [Filing No. 55 at 4.]

The Southern District of Indiana has specifically designated magistrate judges as "judicial officers [who] are authorized and specially designated to perform all duties authorized by the United States Code and any rule governing proceedings in this court."  S.D. Ind. L.R. 72-1(b).  A district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. Pro. 72 (providing that a pretrial, non-dispositive matter may be referred to the assigned magistrate judge for decision).

Mr. Brooks-Albrechtsen does not contend that the assigned Magistrate Judge did not have the judicial authority to decide the Motion for Sanctions pursuant to Rule 72 and 28 U.S.C. § 636(b).  Instead, he challenges the Magistrate Judge's ruling because there is no evidence that the District Judge publicly referred the matter to the Magistrate Judge for decision.  Mr. Brooks-

Albrechtsen does not cite any authority, however, for his inherent premise that a referral must be public.  Indeed, it is apparent from the docket that the Magistrate Judge ruled on other pretrial motions, such as requests for extensions of time by both parties, without a public referral.  [Filing No. 19; Filing No. 41.]  Because there is no question that the Magistrate Judge had the judicial authority pursuant to Rule 72 and 28 U.S.C. § 636(b) to rule on Mr. Brooks-Albrechtsen's Motion for Sanctions, and because this court has designated magistrate judges to "perform all duties authorized by the United States Code and any rule governing proceedings in this court," S.D. Ind. L.R. 72-1(b), the Court rejects Mr. Brooks-Albrechtsen's argument that the ruling exceeded that authority.

### B.  Marginal Entry

Mr. Brooks-Albrechtsen argues that the Magistrate Judge failed to comply with Federal Rule of Civil Procedure 72 by not issuing a "written order stating the decision" for denying his Motion for Sanctions.  [Filing No. 55 at 3-4.]  He claims that the marginal entry the Magistrate Judge issued is insufficient, but he only cites non-binding caselaw for that premise.  [Filing No. 55 at 3-4 (citing only Sixth Circuit precedent).]  The Court rejects Mr. Brooks-Albrechtsen's argument, especially because the Magistrate Judge did more than just stamp "denied" on Mr. Brooks-Albrechtsen's motion.  Instead, the Magistrate Judge stated as follows: "Motion denied. The complained of conduct does not rise anywhere near sanctionable conduct under 28 U.S.C. § 1927.  Motions such as these waste the Court's time, and are more troublesome than the conduct of which Plaintiff complains."  [Filing No. 54.]  While that explanation is not lengthy, it shows that the Magistrate Judge considered the motion and found the conduct at issue so below the threshold for issuing sanctions that denying the motion did not require a lengthy explanation.  For

6

the reasons explained more fully below in addressing the merits of Mr. Brooks-Albrechtsen's motion, the Court agrees with the Magistrate Judge's conclusion.

### C. Motion for Sanctions

Mr. Brooks-Albrechtsen contends that the Magistrate Judge's order is contrary to the Federal Rules of Civil Procedure and the Rules of Professional Conduct because it "implies that unless the misrepresentation wastes the Court's time, it is not sanctionable." [Filing No. 55 at 2.] Mr. Brooks-Albrechtsen emphasizes the public's interest in efficient justice, contending that the Magistrate Judge's frustration is "wrongly directed to [Mr. Brooks-Albrechtsen] rather than the problematic party, which results in a chilling effect . . . ." [Filing No. 55 at 2.]

28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   A finding of subjective bad faith or objective bad faith on the part of the offending attorney will support the imposition of sanctions under § 1927. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016). Simple negligence, however, will not suffice. *Id.*

Mr. Brooks-Albrechtsen asks the Court to sanction Officer Mitchell's counsel because he sought and received multiple extensions of time from the Court to respond to Mr. Brooks-Albrechtsen's early summary judgment motion.  Mr. Brooks-Albrechtsen ignores the fact that he filed his summary judgment motion a little more than two months into this case—before a case management plan was in place and before discovery was exchanged.  [Filing No. 13 (Mr. Brooks-Albrechtsen's summary judgment motion); Filing No. 19 (Case Management Plan).]  Extensions of time to conduct discovery because of an early summary judgment motion are expressly contemplated by Federal Rule of Civil Procedure 56.  *See* Fed. R. Civ. Pro. 56(d)(2) (allowing for

"time to obtain affidavits or declarations or to take discovery").  Mr. Brooks-Albrechtsen seems to conclude that Officer Mitchell's counsel lied about the necessity of the requested extensions because the response brief and cross-motion did not actually rely on any of the obtained discovery. [Filing No. 39 at 3; Filing No. 55 at 2.]  But counsel cannot know for sure what will be produced in discovery or whether it will be relied on during briefing until it is obtained.  Thus, under the circumstances presented herein, just because the obtained discovery did not form the basis of the response brief and cross-motion does not mean it was unnecessary.

The Court agrees with the Magistrate Judge that the conduct of which Mr. Brooks-Albrechtsen complains does not rise anywhere near sanctionable conduct under 28 U.S.C. § 1927. Put another way, Mr. Brooks-Albrechtsen has not shown any behavior by defense counsel in seeking extensions of time to respond to Mr. Brooks-Albrechtsen's early summary judgment motion that evinces any subjective bad faith or objective bad faith.  Because the Magistrate Judge's ruling on the sanctions request to which Mr. Brooks-Albrechtsen objects was not clearly erroneous—and, in fact, the Court completely agrees with it—the Court denies Mr. Brooks-Albrechtsen's Objection.  [Filing No. 55.]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Mr. Brooks-Albrechtsen's Objection to Magistrate Judge's Ruling on his Motion for Sanctions.  [Filing No. 55.]

Date:   September 7, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

MARK A. BROOKS-ALBRECHTSEN
2230 Stafford Road
Suite 115
Plainfield, IN 46168

**Distribution via CM/ECF:**

Kathryn M. Box
OFFICE OF CORPORATION COUNSEL
kathryn.box@indy.gov

Lynne Denise Hammer
OFFICE OF CORPORATION COUNSEL
lynne.hammer@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com